UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DESTIL EUGENE TROXELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 6:20-CV-119-WOB-HAI |
| v. ) | |
| ) | |
| DEEDRA HART, Warden, ) | RECOMMENDED DISPOSITION |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 8, 2020, Petitioner Destil Eugene Troxell filed a petition under 28 U.S.C. § 2254. D.E. 1. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2254 Cases for the purpose of conducting a preliminary review. *See* Rules Governing Section 2254 Cases, Rule 4. Petitioner previously filed a section 2254 petition in the Western District of Kentucky, which was transferred to the Eastern District of Kentucky on August 21, 1989. *Troxell v. Seabold*, No. 89-225 (E.D. Ky. 1990). The District Court denied the petition and the Sixth Circuit Court of Appeals affirmed the denial. *Troxell v. Seabold*, 951 F.2d 350 (6th Cir. 1991).

Given this procedural history, the Court determined that the current petition may be untimely under 28 U.S.C. § 2244. Therefore, this Court issued an Order requiring the parties to show cause, if any, why his petition should not be dismissed as untimely. D.E. 8. In his response, Petitioner stated that "his lack of knowledge of the law" caused his petition to be untimely and that he "has been diligently pursuing his rights ever since he became knowledgeable of the [lack of indictment in his state conviction.]" D.E. 9 at 2. Warden Hart also responded and argued that the petition is not only untimely but also successive. D.E. 14 at

3. Petitioner filed a reply to Warden Hart's response and argued that the gravity of the alleged lack of indictment supersedes any issue of the petition being successive or untimely. D.E. 15.

Based on its review of the procedural history and responses by the parties, the petition is second or successive, and thus, this Court **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

### I. The Petition is Second and Successive Under 28 U.S.C. § 2244(a)

Pursuant to 28 U.S.C. § 2244, the Court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application." 28 U.S.C. § 2244(a). Before filing a second or successive habeas corpus petition under § 2254, a petitioner must seek an order from the Sixth Circuit authorizing this Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). If a petitioner does not first request and receive such certification, this Court lacks jurisdiction and must transfer the matter to the United States Court of Appeals for the Sixth Circuit, per 28 U.S.C. §1631. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d at 47.

28 U.S.C. § 2244(b) does not define what constitutes a "second or successive" petition. It is clear that not every numerically second petition is "second or successive." *See Slack v.*

2

*McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645. One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-486; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2nd Cir. 1996).

In the prior petition, Petitioner challenged his conviction on three grounds: "1) denial of his right to a fair trial; 2) denial of due process; and 3) denial of his right to conduct part of his defense." *Troxell v. Seabold*, 951 F.2d 350 (6th Cir. 1991). The District Court denied his petition, finding the second and third grounds to be without merit. *Id*. As to the third ground, the District Court held that, although the trial court's exclusion of exculpatory evidence was in error, it was harmless. *Id*. The Sixth Circuit affirmed. *Id*. It is clear that Petitioner is attacking the same conviction and sentence that he challenged in his prior petition. Therefore, the denial of Petitioner's prior petition renders the instant petition successive within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without Petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, it is hereby **RECOMMENDED** that the petition be transferred to the Sixth Circuit for a determination as to whether the district court may review it.

**IT IS THEREFORE RECOMMENDED THAT:**

    1. Petitioner's Petition (D.E. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b); and

    2.) Petitioner's motion for Default Judgment (D.E. 12) be **DENIED** as moot.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 7th day of October, 2020.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge